FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

2017 JUN 28  PM 3:38

STEPHAN HARRIS, CLERK
CASPER

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**JULIO GARAY-GUTIERREZ**,<br>Defendant. | **CRIMINAL COMPLAINT**<br><br>Case Number: 17 MJ 72-S |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about May 28, 2017, in the District of Wyoming, the Defendant, **JULIO GARAY-GUTIERREZ**, then being an alien illegally and unlawfully in the United States, knowingly possessed, a firearm, namely, a Mosin Nagant rifle bearing Serial Number 9130195672, which had previously travel in and affected interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

I further state that I am a Special Agent with the Homeland Security Investigations and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
JOHN M. ALLRED

Sworn to before me and subscribed in my presence,

**June 28, 2017**      at    Casper, Wyoming
Date                                                    City and State

**HON. R. MICHAEL SHICKICH**
United States Magistrate Court Judge        _____
Name & Title of Judicial Officer                        Signature of Judicial Officer

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT JOHN M. ALLRED
### *U.S. v. JULIO GARAY-GUTIERREZ*

1. I, John Allred, am employed as a Special Agent (SA) with United States Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). From 1997 to 2007, I was a federal agent employed with the United States Border Patrol. From 2007 to the present, I have been employed as an HSI Special Agent. I have received training from the United States Border Patrol Academy and the ICE Special Agent Training Program at the Federal Law Enforcement Training Center regarding the investigation and enforcement of federal Immigration laws, Controlled Substance laws, Customs laws, and Firearms offenses. Based on my training and experience, as well as the facts outlined below, I have reason to believe that **JULIO GARAY-GUTIERREZ** is unlawfully present in the United States having been found to be in possession of a firearm, in violation of 18 U.S.C. 922(g)(5)(A) and 924(a)(2), Illegal Alien in Possession of a Firearm.

2. On Friday, June 2, 2017 I, HSI SA Allred was informed by ICE Enforcement and Removal Operations (ERO) Deportation Officers (DOs) Walden and Ainley that an individual named **JULIO GARAY-GUTIERREZ**, DOB: XX/XX/1977, was arrested by the Cody Police Department a few days earlier. He had been booked under the name **JULIO GUTIERREZ**. Subsequent to his arrest, DO Ainley had interviewed **GARAY** as to his citizenship. At that time, **GARAY** admitted entering the United States illegally around 2001. **GARAY** also stated that he had been administratively arrested by the United States Border Patrol for crossing the border illegally when he was around 17 years old, which should have been around 2004. **GARAY** stated to DO Ainley that he thought he had an approved Visa, but that it had not arrived yet. **GARAY** told DO Ainley that he had Social Security Number XXX-XX-1325. However, when DO Ainley ran checks on **GARAY**, he noted that no visas or other immigration relief appeared to be pending. DO Ainley also noted that

GARAY did have Alien Registration File (A-file) XXX XXX 094. At the time that DO Ainley spoke to GARAY, GARAY had just been released from jail after being sentenced to time served.

3. After his interview of GARAY, DO Ainley had received a police report regarding the vehicle stop and arrest of GARAY by Cody PD. In that report, DO Ainley noted that Cody PD had observed a pistol in the vehicle that GARAY was driving when he was stopped by the police. At that time, GARAY had stated that the pistol was his.

4. Subsequent to the initial information received from Cody PD, DO Ainley obtained the fingerprints taken of GARAY at the time of his arrest. He ran the fingerprints through the NGI and IDENT systems. I know that the NGI system checks for Criminal History and the IDENT system checks for immigration history. There were no positive hits on GARAY's fingerprints. On June 12, 2017, the A-file XXX XXX 094 for GARAY was observed by DO Ainley. DO Ainley noted that GARAY had applied for a form of immigration relief, but it had been denied in 1999. There were no other records of GARAY having any outstanding petitions or requests for any form of immigration relief.

5. On June 26, 2017, I applied for and was granted a federal search warrant by U.S. Magistrate Judge Kelly Rankin to search for firearms and documents at the residence of GARAY at 2831 State Highway 120, Cody, Wyoming 82414.

6. On June 27, 2017, prior to the service of the warrant, one of the officers involved in the vehicle stop of GARAY mentioned above called GARAY and said the Police needed to talk to him about some issues related to the vehicle stop. GARAY was driven to meet the officer by his ex-paramour. I made contact with GARAY at that meeting and told him that there was a search warrant to search his residence for firearms and documents. When GARAY asked your affiant why, I informed him that he could not possess firearms because he was an Illegal Alien. I went through the facts with GARAY that he had entered the country illegally, then his petition for immigration relief

Case 1:17-mj-00072-SWS  Document 1  Filed 06/28/17  Page 4 of 5

had been denied long ago, and thus, **GARAY** was unlawfully present in the United States. **GARAY** agreed with your affiant on those points.

7. **GARAY** went back to the residence with officers and, the warrant was served on **GARAY**'s residence. **GARAY** stated that he had some firearms in the residence and that all were his, except two which belonged to his ex-paramour. Your affiant separately discussed the firearms with **GARAY**'s ex-paramour, who also stated that two of the firearms were hers and all the rest were **GARAY**'s. Investigators seized sixty-seven (67) firearms at the residence which **GARAY** said were his, plus a large amount of ammunition.

8. One of the firearms seized that **GARAY** stated belonged to him was a Mosin Nagant rifle bearing Serial Number 9130195672. I have spoken to Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) SA Matthew Wright who has told me that Mosin Nagant rifles are not manufactured in the United States.

9. Based upon the above facts and circumstances, I believe that probable cause exists that Julio **GARAY-GUTIERREZ** is unlawfully present in the United States, and, being such, was found to unlawfully be in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2), Illegal Alien in Possession of a Firearm

FURTHER YOUR AFFIANT SAYETH NOT

DATED this 26 day of June, 2017.

_____
JOHN M. ALLRED

Sworn and subscribed to before me this 28 day of June, 2017.

_____
Hon. R. Michael Shickich
United States Magistrate Court Judge

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | JULIO GARAY-GUTIERREZ |
| **DATE:** | June 28, 2017 |
| **INTERPRETER NEEDED:** | Yes |
| **PLACE OF TRIAL:** | The government, pursuant to Rule 18, F.R.Cr.P., with due regard for the convenience of the Defendant, any victim and witnesses, and the prompt administration of justice, requests trial be held in:<br><br>**Cheyenne** |
| **VICTIM(S):** | No |
| **OFFENSE/PENALTIES:** | **18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2)**<br>(Illegal Alien in Possession of a Firearm)<br><br>0-10 Years Imprisonment<br>Up To $250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | John M. Allred, DHS |
| **AUSA:** | Timothy J. Forwood, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | ICE Detainer |